UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Janet Laurenzi Frisco, | ) | C/A No. 2:26-cv-00591-RMG-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| Charleston County Court of Common Pleas; | ) | |
| Pet Helpers, Inc.; Melissa Susko; Futeral and | ) | |
| Nelson LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed by Plaintiff Janet Laurenzi Frisco (Frisco), a pro se litigant. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

## I.    BACKGROUND

Frisco brings this case under 42 U.S.C. § 1983 (§ 1983) for alleged violations of her First, Seventh, and Fourteenth Amendment rights. ECF No. 1 at 3-4. She names the Charleston County Court of Common Pleas; Pet Helpers, Inc. (Pet Helpers); Melissa Susko (Susko); and Futeral and Nelson LLC (Futeral and Nelson) as Defendants. *Id.* at 2-3.

Frisco asserts that the events giving rise to her claim occurred on April 13, 2021. ECF No. 1 at 4-5. She alleges that:

> The events started at Pet Helpers Shelter with Katie Leasure in the Intake Department, Afterwards Blaine John a Pet Helper's technician posed in an alleged adoption picture with Plaintiff's surrendered dog on or about May 10, 2021, Melissa Susko who used two of her employees to try and lure Plaintiff into Pet Helpers' property and press charges on or about May 6, 2021 claiming Plaintiff had violated a No Trespass Susko had previously requested. Stephan Futural who then falsely claimed plaintiff had trespassed on Pet Helpers property on complaint against Plaintiff he filed June 9, 2021.

ECF No. 1 at 4 (errors in original).

Frisco's statement of the facts underlying her claims is that:

> Plaintiff was falsely imprisoned, forced to pay sanctions of over $7,000 and legal expenses during the litigation in an attempt to defend myself from the false charges. My reputation was defamed, health and finances were drastically affected, I suffered emotional stress for five years and my quality of life was impacted.
>
> The entire South Carolina court system was involved; the judges in the circuit, appeal and supreme courts, administrative staff and even the transcriptionist, Julie Cendroski, that deliberately made numerous mistakes in the transcript that necessitated a challenge by the Plaintiff.
>
> A former employee, Sue Lambert, told me that Ms. Susko was trained to euthanize and had been involved in the deaths of other dogs at the shelter that I planned to subpoena to testify at the jury trial that has now been cancelled due to a second summary judgement being granted by the courts. That is the reason I believed Pet Helpers had euthanized my dog and said so. Blaine John signed an affidavit saying he did not adopt the dog, but the person photographed in the adoption picture looked exactly like him. He also posed later in another picture with an unknown male Mr. Futeral claimed was the adopter of the dog. Mr. Futeral also submitted an alleged adoption contract without any verification at the summary judgement hearing on April 22, 2022 presided by former Judge Bentley Price.
>
> Futeral and Nelson implemented the libel and slander lawsuit against me after I exposed the criminal fraud of his client Pet Helpers and their executive director, Melissa Susko. They staged the adoption of my dog in order to collect donations on their website and that is why I protested in front of their business and on social medical. The courts have now granted two summary judgments when there was a genuine material fact that should have been decided upon by a jury in both cases. The appeals courts affirmed the order which was an abuse of the standard of discretion.

ECF No. 1 at 5 (errors in original). As relief, Frisco requests that the state court orders be reversed and that the money she spent defending herself and the sanctions paid be reimbursed. ECF No. 1 at 6.

Records from Charleston County indicate that Pet Helpers filed an action (case number 2021CP1002682) in the South Carolina Ninth Circuit (Charleston County) Court of Common Pleas against Frisco on June 9, 2021, alleging slander and libel and seeking a permanent injunction,

a temporary injunction, and a restraining order against Frisco. Frisco filed an action (case number 2021CP1002848) against Pet Helpers and Susko in the Ninth Circuit Court of Common Pleas on June 17, 2021, concerning a dog that she formerly owned. On January 6, 2022, the two cases were consolidated into case 2021CP1002682. After further proceedings in the consolidated case, Frisco filed an appeal to the South Carolina Court of Appeals. In an order filed June 11, 2025, the South Carolina Court of Appeals affirmed the circuit court's order that denied Frisco's second and third motions to amend, granted Pet Helpers' motion for partial summary judgment, and imposed sanctions on Frisco for failure to comply with court-ordered discovery. The Supreme Court of South Carolina denied Frisco's petition for writ of certiorari on December 16, 2025. On September 30, 2024, Frisco filed a case (2024CP104891) in the Ninth Circuit Court of Common Pleas against Futeral and Nelson. Summary judgment was granted to Futeral and Nelson on February 11, 2026. The docket in that case indicates that Frisco filed a letter with the Ninth Circuit Court of Common Pleas regarding the filing of a notice of appeal but that no appeal was attached. *See* Charleston County Public Index, https://jcmsweb.charlestoncounty.gov/PublicIndex/PISearch.aspx [search case number listed above] (last visited Mar. 16, 2026).[1]

## II.    <u>STANDARD OF REVIEW</u>

This case is before the Court for pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B); *see also In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (pleadings by non-prisoners should also be screened). Under established local procedure in this judicial district, a

---

[1] This Court may take judicial notice of factual information located in postings on government websites. *See Tisdale v. South Carolina Highway Patrol*, No. 0:09–1009–HFF–PJG, 2009 WL 1491409, at *1 n. 1 (D.S.C. May 27, 2009), *aff'd*, 347 F. App'x 965 (4th Cir. 2009); *In re Katrina Canal Breaches Consol. Litig.*, No. 05–4182, 2008 WL 4185869, at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records).

careful review has been made of the pro se Complaint herein pursuant to the procedural provisions of § 1915, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. at 327.

This Court is required to liberally construe pro se complaints, which are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

4

### III.     DISCUSSION

It is recommended that this action be dismissed for the reasons discussed below.

A.     Lack of Jurisdiction

This action is subject to summary dismissal for lack of jurisdiction over Frisco's case to the extent she is attempting to appeal the results of a state court action or actions to this Court. Federal district courts do not hear "appeals" from state court actions. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983) (a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also Hulsey v. Cisa*, 947 F.3d 246 (4th Cir. Jan. 17, 2020). To rule in favor of Frisco on claims filed in this action may require this court to overrule and reverse orders and rulings made in the state court. Such a result is prohibited under the *Rooker-Feldman* doctrine. *See Davani v. Virginia Dep't. of Transp.*, 434 F.3d 712, 719-720 (4th Cir. 2006); *see also Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293-294 (2005); *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 201 (4th Cir. 1997).

Appeals of orders issued by lower state courts must go to a higher state court.[2] Secondly, Congress, for more than two hundred years, has provided that only the Supreme Court of the

---

[2] The *Rooker-Feldman* doctrine is applicable both to claims at issue in a state court order and to claims that are "inextricably intertwined" with such an order. *See Exxon Mobil*, 544 U.S. at 284. Frisco has not alleged any facts to indicate that this is a case where the federal complaint raises claims independent of, but in tension with, a state court judgment such that the *Rooker-Feldman* doctrine would not be an impediment to the exercise of federal jurisdiction. *See Vicks v. Ocwen Loan Servicing, LLC*, 676 F. App'x 167 (4th Cir. 2017) (district court erred in applying *Rooker-Feldman* doctrine to bar appellants' claims where the claims did "not seek appellate review of [the state court] order or fairly allege injury caused by the state court in entering that order"); *Thana v. Bd. of Licenser Comm'rs for Charles Cty., Md.*, 827 F.3d 314, 320 (4th Cir. 2016) (*Rooker-Feldman* doctrine is not an impediment to the exercise of federal jurisdiction when the federal

United States may review (review is discretionary by way of a writ of certiorari and is not an appeal of right) a decision of a state's highest court. *See* 28 U.S.C. § 1257; *Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491(3d Cir. 1997).

Alternatively, to the extent that Frisco is challenging a case that is pending in the state court, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 91 (1971), and its progeny preclude this Court from interfering with the ongoing proceedings as Frisco can raise these issues in the state court proceedings. The *Younger* doctrine applies to civil proceedings that "implicate a State's interest in enforcing the orders and judgment of its courts." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013) (internal quotation marks omitted). Thus, to the extent that Frisco is seeking injunctive or declaratory relief related to matters underlying the action(s) in state court, her claims are barred under the *Younger* doctrine.[3]

B.     Failure to State a Claim

Frisco appears to be attempting to bring federal constitutional claims under § 1983. Even if Frisco can establish jurisdiction, this case is subject to summary dismissal because Defendant Charleston County Court of Common Pleas is not a "person" under § 1983 and Defendants Pet Helpers, Susko, and Futeral and Nelson are not "state actors" under § 1983. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a

---

complaint raises claims independent of, but in tension with, a state court judgment simply because the same or related question was aired earlier by the parties in state court).

[3] The abstention principles established in *Younger* might not require dismissal of claims for damages. *See, e.g., Lindsay v. Rushmore Loan Mgmt., Servs., LLC*, No. PWG-15-1031, 2017 WL 167832, at *1, 4 (D. Md. Jan. 17, 2017) ("[C]auses of action for damages, such as Plaintiffs', may be stayed but not dismissed on *Younger* abstention grounds.") (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996)).

person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998).

Defendant Charleston County Court of Common Pleas is subject to summary dismissal because it is not a "person" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (explaining that neither the state not its agencies is a "person" within § 1983); *see also Prasad v. Hampton Circuit Ct.*, No. 3:17cv204, 2018 WL 2452956, at * 4 (E.D. Va. May 31, 2018) (explaining that a state court "is not a person amen[]able to suit under 42 U.S.C. § 1983"); *Chieves v. Richland Prob. Ct. Commitment Div.*, No. 623CV04195JFAKFM, 2023 WL 8703474, at *2 (D.S.C. Oct. 30, 2023) (State of South Carolina Richland Probate Court Commitment Division not a "person" for purposes of § 1983), *report and recommendation adopted*, 2023 WL 8702741 (D.S.C. Dec. 15, 2023); *Whatley v. Richland Cnty. Fam. Ct. Columbia S.C.*, No. CV 3:22-2119-SAL-PJG, 2022 WL 19402460, at *2 n. 2 (D.S.C. Aug. 11, 2022) (finding that the Richland County Family Court is not a "person" amenable to suit under § 1983), *report and recommendation adopted*, 2023 WL 2727577 (D.S.C. Mar. 31, 2023), *aff'd*, No. 23-1449, 2023 WL 5526590 (4th Cir. Aug. 28, 2023). Additionally, to the extent that the Charleston County Court of Common Pleas is an inanimate object or group of people, such as a building or facilities, it cannot act under color of state law. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001); *Mullinax v. Lovelace*, No. 619CV01040BHHJDA, 2019 WL 4307466, at *5 (D.S.C. Apr. 23, 2019) (family court is a facility or building and is not a "person" that can be sued under § 1983), *report and recommendation adopted*, 2019 WL 3000912 (D.S.C. July 10, 2019).

Defendants Pet Helpers, Susko, and Futeral and Nelson are subject to summary dismissal because they are private individuals or entities and are not state actors. With few exceptions, purely private conduct, no matter how wrongful, is not actionable under § 1983 or the United States

Constitution. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983). The "under-color-of-state-law element of § 1983," like the Fourteenth Amendment's "state action" requirement, "excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation omitted); *see also Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (holding that § 1983's requirement that a defendant act under "color of law" is treated as the equivalent to the Fourteenth Amendment's "state action" requirement). Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or entity is "a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980).

Frisco has alleged no facts to plausibly suggest that the actions of Defendants Pet Helpers, Susko, and Futeral and Nelson were anything other than purely private conduct, which does not provide a basis for § 1983 liability. Additionally, it is well settled that private litigants do not become state actors merely by engaging in litigation. *See Edwards v. Washington*, No. 2:11-cv-3518-SB-BM, 2012 WL 1229506, at *6 (D.S.C. Jan. 5, 2012), *report and recommendation adopted*, 2012 WL 1237440 (D.S.C. Apr. 12, 2012); *see also Yeh Ho v. Sabocik*, 775 F. App'x 551, 554 (11th Cir. 2019) ("The fact that the defendants engaged in the state-court process and obtained court orders is insufficient to make them state actors.").

Futeral and Nelson, a law firm, is not a state actor. Lawyers and their law firms are not state actors under § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 317-324 nn. 8-16 (1981) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *see also Rose v. Nelson Mullins Riley & Scarborough, L.L.P.*, No. CV 2:23-1264-RBH-PJG, 2023 WL 3855345, at *2 (D.S.C. Apr. 21, 2023), *report and recommendation*

8

*adopted*, 2023 WL 3579830 (D.S.C. May 22, 2023) (the plaintiff failed to plausibly alleged that a law firm that was appointed to represent state prisoners in a class action lawsuit was a state actor amenable to suit under § 1983); *Allen v. Brown*, No. 5:22-CV-00179-BO, 2022 WL 3225088, at *2 (E.D.N.C. June 7, 2022) ("Private attorneys and law firms are not engaged in state action for purposes § 1983 by participating in legal proceedings."), *report and recommendation adopted*, No. 5:22-CV-179-BO, 2022 WL 3222001 (E.D.N.C. Aug. 9, 2022) .

C.    Statute of Limitations

Plaintiff alleges claims as to incidents that allegedly occurred from April to June 2021. Even if there is jurisdiction and Frisco has stated a claim, these claims are subject to summary dismissal because they are barred by the applicable statute of limitations. For a § 1983 claim arising in South Carolina, the applicable statute of limitations is three years. *See Owens v. Okure*, 488 U.S. 235 (1989); *Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379, 388 (4th Cir. 2014) ("[T]o determine the timely filing of a § 1983 claim, courts borrow the statute of limitations from the most analogous state-law cause of action. For § 1983 suits, that cause of action is a personal-injury suit.") (internal citations omitted); *Brannon v. Blanton*, No. 9:15-2434-CMC, 2016 WL 4232886, at *2 (D.S.C. Aug. 11, 2016) ("[T]he statute of limitations for § 1983 claims arising in South Carolina is three years, regardless of the underlying allegations of the § 1983 claim."). "A § 1983 cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995).[4] Here, Frisco asserts that her claims arose in April, May, and

---

[4] While the statute of limitations is an affirmative defense that is subject to waiver if not timely raised in a responsive pleading (*see* Fed. R. Civ. P. 8(c)), the court is authorized to anticipate clearly apparent affirmative defenses available to defendants in determining whether, under § 1915, process should be issued. *Todd v. Baskerville*, 712 F.2d at 74; *see also Duncan v. West Virginia*,

June of 2021. However, she did not file this action until February 2026, more than three years after the alleged incidents occurred.

### IV.     MOTIONS TO DISMISS

Defendant Futeral and Nelson filed a Motion to Dismiss on March 3, 2026. ECF No. 5. Frisco filed a response in opposition on March 16, 2026. ECF No. 9. On March 13 and 16, 2026, Defendants Pet Helpers and Susko filed Motions to Dismiss. ECF Nos. 6 and 8. The Motions to Dismiss are premature, as they were filed prior to service being authorized in this case.[5] As discussed above, this case is subject to summary dismissal. Thus, it is recommended that the Motions to Dismiss (ECF Nos. 5, 6, and 8) be denied without prejudice and with the right to refile, if this case is not summarily dismissed.

---

597 F. Supp. 1195, 1196 (S.D.W. Va. 1984) ("Although some of the matters discussed constitute defenses, where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) [that a] complaint [is] frivolous.") (citation omitted). "A federal court may sua sponte dismiss a complaint as barred by the statute of limitations on initial review pursuant to 28 U.S.C. § 1915 [.]" *Harriot v. United States*, 795 F. App'x 215, 216 (4th Cir. 2020).

[5] Pro se civil cases are subject to pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (pleadings by non-prisoners should also be screened). The *General Order In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007) provides:

A civil action in proper form consists of the following:
1. a pleading with the plaintiff's original signature;
2. one summons with the names and addresses of all defendants sued or separate summonses with the name and address for each defendant sued;
3. a separate, completed form USM-285 for each defendant sued if the plaintiff is seeking to proceed in forma pauperis; and
4. a completed and signed set of Local Rule 26.01 interrogatories.

## V.     RECOMMENDATION

Based on the foregoing, it is recommended that this action be dismissed without prejudice,[6] without issuance and service of process, and without leave to amend.[7] Additionally, it is recommended the Motions to Dismiss (ECF Nos. 5, 6, and 8) be denied without prejudice and with the right to refile, if this case is not summarily dismissed.

**Frisco's attention is directed to the important notice on the following page.**

Molly H. Cherry
United States Magistrate Judge

March 19, 2026
Charleston, South Carolina

---

[6]*See Platts v. O'Brien*, 691 F. App'x. 774 (4th Cir. 2017) (citing *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for ... [a] defect in subject matter jurisdiction[] must be one without prejudice because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").

[7] *See Britt v. DeJoy*, 45 F.4th 790 (4th Cir. 2022) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend ... the order dismissing the complaint is final and appealable"). Here, any attempt to cure the deficiencies in the complaint would be futile for the reasons discussed above.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).