**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Janet Laurenzi Frisco, <br><br> Plaintiff, <br> v. <br><br> Charleston County Court of Common Pleas, et al., <br><br> Defendants. | Case No. 2:26-00591-RMG <br><br><br> **ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 12) recommending that this action be dismissed without prejudice and without leave to amend. For the reasons stated below, the Court adopts the R&R as the order of the court and dismisses this action without prejudice and without leave to amend.

## I.     Background

Plaintiff sues the Charleston County Court of Common Pleas, Pet Helpers, Inc., one of its employees Melissa Susko, and Futeral and Nelson, LLC, a law firm. As detailed in the R&R, Plaintiff's lawsuit derives from legal disputes between herself and Pet Helpers. (Dkt. No. 12 at 1-2). Plaintiff asks that the state court orders entered against her be reversed and that the money she spent defending herself and the sanctions she was forced to pay be reimbursed. (*Id.*).

After screening the complaint, the Magistrate Judge filed an R&R recommending that this action be dismissed without prejudice and without leave to amend. (Dkt. No. 12). The R&R noted that there was no subject matter jurisdiction over this matter to the extent Plaintiff "is attempting to appeal the results of a state court action or actions to this Court." (*Id.* at 5-6) (discussing *Rooker-Feldman* and then, to the extent Plaintiff challenges ongoing proceedings, *Younger v. Harris*).

1

Further, the R&R noted that Plaintiff failed to state § 1983 claims because Defendant Charleston County Court of Common Pleas is not a "person" under § 1983 and the remaining defendants were not adequately alleged to be state actors. (*Id.* 6-9); *see also* (*id.* at 9-10) (noting Plaintiff's claims would be barred by the statute of limitations even if cognizable). Because the Magistrate Judge recommended dismissing the action via the screening process, the R&R recommended denying the various defendants' motions to dismiss as premature. (*Id.* at 10).

Plaintiff did not file objections to the R&R. Instead, she filed a "motion to amend[] complaint and reply to the Defendants Pet Helpers and Melissa Suskos' motion to dismiss" (Dkt. No. 15). Plaintiff does not include a proposed amended complaint. Rather, she repeats the general facts of her already filed complaint, detailing for example "irregularities which occurred in the lower court" and arguing that the state court improperly granted summary judgment against her at numerous turns. (*Id.* at 3-7); (*Id.* at 17) ("If this case had been handled honestly by the lower courts and they weren't helping criminals commit crimes, there would have been no need for the Plaintiff to file this appeal with the District Court or the pending appeal with the South Carolina Court of Appeals in her case against Futeral and Nelson."). In sum, Plaintiff continues to ask that this Court permit her to bring an action seeking to directly overturn state court decisions she is discontent with.

## II.    Legal Standards

### A.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made,

and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### III.    Discussion

Though Plaintiff did not file objections to the R&R, the Court has conducted a de novo review of the record and finds that the Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that this action should be dismissed without prejudice, without service of process, and without leave to amend. (Dkt. No. 12). As detailed in the R&R, the Court lacks jurisdiction over Plaintiff's claims, which attempt to overrule state court judgments that she disagrees with. *See, e.g.*, (Dkt. No. 1 at 6) (seeking as relief that "[t]he court orders should all be reversed"). Plaintiff's "motion to amend" is further denied as procedurally improper and futile. Beyond lacking a proposed amended complaint, the motion simply reiterates that Plaintiff believes that private defendants violated her rights under § 1983 by suing her in state court and by allegedly conspiring with the Charleston County Court of Common Pleas, which as noted above is not a "person" under § 1983. (Dkt. No. 15 at 3-5) (alleging a "partnership" between Futeral and Nelson and the South Carolina courts); *Wells v. Spartanburg Cnty. Det. Ctr. Facility Emps.*, No.

3

CIV.A. 8:10-1490-CMC, 2010 WL 4853868, at *2 (D.S.C. Oct. 26, 2010), *report and recommendation adopted sub nom. Wells v. Spartanburg Cnty. Det. Facility Emps.*, No. CA 8:10-1490-CMC-BHH, 2010 WL 4853836 (D.S.C. Nov. 23, 2010) ("A proposed amended complaint must be included with any motion to amend and the proposed complaint must be complete within itself without reference to the prior complaint.").

In sum, the Court adopts the R&R as the Order of the Court and denies Plaintiff's motion to amend. Alternatively, to the extent Plaintiff intended her motion to amend to constitute objections to the R&R, the Court overrules said objections because they are neither responsive nor specific to the R&R.

### Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 12) as the Order of the Court and **DISMISSES** this action without prejudice and without leave to amend. The pending motions to dismiss are denied without prejudice (Dkt. Nos. 5, 6, 8) and Plaintiff's motion to amend is denied (Dkt. No. 16).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

April 9, 2026
Charleston, South Carolina